United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

V.                                **NO. 3:16-CV-863-J-32PDB**

**IDA M. LEGREE,**

    *Defendant.*

---

# Order

In this student-loan-default case, the Court granted the United States' motion for default judgment against Ida M. Legree and entered judgment against her. Docs. 10, 11. The United States now moves to compel her to respond to discovery in aid of execution and sanction her for failing to respond. Doc. 16. Counsel for the United States explains she has not responded to the first set of interrogatories or the first request for production of documents in aid of execution and he has been unable to reach her to confer on the motion. Doc. 16. The United States attaches copies of the interrogatories and requests for production. Doc. 16-1, Doc. 16-2. She has not filed anything in response to the motion, and the deadline for responding has passed.

Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery in aid of the judgment or execution as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located. The Federal Rules of Civil Procedure allow discovery through interrogatories and document-production requests. *See* Fed. R. Civ. P. 33, 34.

If a party does not answer an interrogatory or produce requested documents, the party seeking discovery may move to compel an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a motion to compel, it "must,

after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

The United States is entitled to discovery in aid of execution. The United States has issued interrogatories and requests for production relating to Legree's finances, and she has failed to respond or offer an explanation for the failure. The Court **grants** the United States' second amended motion, Doc. 16, and **directs** Legree to respond to the interrogatories and requests for production by **April 28, 2017**. Her failure to do so may subject her to contempt proceedings.

Because the Court has granted the motion to compel, it must, after giving Legree an opportunity to be heard, require her to pay the "reasonable expenses" the United States incurred in bringing it. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court **orders** Legree to show cause why the Court should not require her to pay the reasonable expenses incurred in bringing the motion to compel by **May 5, 2017**. Alternatively, she may confer with opposing counsel to resolve the issue of expenses and inform the Court by that date whether they have resolved it.

**Ordered** in Jacksonville, Florida, on April 14, 2017.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:     Counsel of record

       Ida M. Legree
       4803 S.W. U.S. Highway 27
       Fort White, Florida, 32038